UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN T. PASLEY,

        Plaintiff,

v.                                                    CASE NO. 10-13485
                                                    HONORABLE LAWRENCE P. ZATKOFF

RESIDENT UNIT OFFICER SPENCE,

        Defendant.
_____/

## ORDER DISMISSING THE COMPLAINT AND DENYING AS MOOT PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

### I. Introduction

This matter is pending before the Court on Plaintiff Lynn T. Pasley's motion for appointment of counsel and *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is a state prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan, where Defendant Spence is a resident unit officer. The complaint alleges that, on or about April 25, 2010, Plaintiff informed Defendant Spence that his blood sugar was running low and that he was not feeling well. He asked Spence to notify the healthcare unit in the prison. Instead of complying with Plaintiff's request, Spence advised Plaintiff what he should do, based on Spence's experience as a diabetic.

Plaintiff claims that Spence's indifference endangered his life and violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. He sues Spence in his official and individual capacities for over a million dollars in money damages.

### II. Standard of Review

The Court has granted Plaintiff leave to proceed without prepayment of the fees and costs for this action. The Court may dismiss an indigent prisoner's civil rights complaint against a

governmental entity, officer, or employee if the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Serv.*, 555 F.3d 543, 549 (6th Cir. 2009)). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and footnote omitted).

Plaintiff alleges a violation of the Eighth Amendment. "[I]t is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). "[P]rison officials must ensure that inmates receive adequate . . . medical care . . . ." *Id.*

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* at 834 (end citation

omitted).

> When the basis for a prisoner's Eighth Amendment claim is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone in analyzing whether the alleged deprivation is, in "objective terms, sufficiently serious," to support an Eighth Amendment claim . . . . [W]here the prisoner is receiving appropriate on-going treatment for his condition, but, instead brings a narrower denial of medical care claim based on a temporary delay or interruption in treatment, the serious medical need inquiry can properly take into account the severity of the temporary deprivation alleged by the prisoner.

*Smith v. Carpenter*, 316 F.3d 178, 185-86 (2d Cir. 2003).

Second, the prison official must have had a sufficiently culpable state of mind, that is, deliberate indifference to the inmate's health or safety. *Id.* This subjective component of the test for Eighth Amendment claims "requires a plaintiff to 'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" *Dominguez*, 555 F.3d at 550 (citing *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837)).

### III. Discussion

Exhibits to the complaint imply that Plaintiff has an ongoing problem with diabetes and is being treated for the problem. One exhibit, moreover, states that Plaintiff received the medical attention he required. *See* Compl., Ex. A (grievance response).

Plaintiff, however, alleges that, after speaking with Defendant Spence, he went to his cell feeling very sick and suffering severely from the symptoms of low blood sugar. He has not alleged what his symptoms were, and even though he claims that he was close to having a seizure, it does not appear that he actually suffered any serious consequences from the lack of medical attention.

The absence of adverse medical effects or demonstrable physical injury leads the Court to conclude that Plaintiff did not suffer from a serious medical need and that he has failed to satisfy the objective component of an Eighth Amendment claim. *See Smith*, 316 F.3d at 187 ("The absence of adverse medical effects or demonstrable physical injury is one . . . factor that may be used to gauge the severity of the medical need at issue.").

Even if a sufficiently serious medical need existed, Plaintiff has not shown that Defendant Spence had a culpable state of mind. Spence apparently was a diabetic himself, and he attempted to help Plaintiff by advising him what to do. The facts as alleged fail to show that Spence subjectively perceived facts from which to infer substantial risk to Plaintiff, drew that inference, and then disregarded the risk.

## IV. Conclusion

Plaintiff has not shown that Defendant Spence failed to act despite knowing of a substantial risk of serious harm. Therefore, the complaint lacks an arguable basis in law and fails to state a claim for which relief may be granted. The complaint [Dkt. #1] is summarily **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The motion for appointment of counsel [Dkt. #3] is **DENIED** as moot, and an appeal from this decision could not be taken in good faith. Consequently, Plaintiff may not proceed without prepayment of the appellate fees and costs if he files an appeal.

28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

        S/Lawrence P. Zatkoff
        **LAWRENCE P. ZATKOFF**
        **UNITED STATES DISTRICT JUDGE**

**Dated: September 14, 2010**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 14, 2010.

        S/Marie E. Verlinde
        **Case Manager**
        **(810) 984-3290**